UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>V.<br><br>KENNETH W. CHANDLER,<br><br>    Defendant. | CRIMINAL NO. 5:8-56-KKC-1<br><br><br>**OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendant Kenneth W. Chandler's motion requesting that the Court order his release from prison and for appointment of counsel. (DE 39). On December 16, 2008, Chandler was sentenced to 336 months of imprisonment for armed bank robbery and for brandishing a firearm during one of the bank robberies (DE 20 & 21). Chandler is currently serving his sentence at FCI in Ashland, Kentucky, and is projected too be released on November 24, 2031. (DE 43 at 3-4). He moves the Court again to modify his sentence under 18 U.S.C. § 3582(c)(1)(A). (DE 39). For the reasons below, his motion will be **denied**.

Prior to the First Step Act, PL 115-391, 132 Stat 5194 (Dec. 21, 2018), the Court could not grant a motion for compassionate release unless the director of the Bureau of Prisons (BOP) filed the motion. *See* 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow the court to grant a motion for compassionate release filed by the defendant himself "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A); PL 115-391, 132 Stat 5194 §

603 (Dec. 21, 2018). The Sixth Circuit has determined that the occurrence of one of the two events mentioned in the statute is a "mandatory condition" to the Court granting compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). If the government "properly invoke[s]" the condition, the Court must enforce it. *Id.* at 834. In this case, the United States concedes that Chandler has exhausted his administrative remedies because he submitted a request to the warden and it was denied on October 21, 2020 (*see* DE 43-1). As such, this Court has the authority to consider Chandler 's motion.

The compassionate release statute permits this Court to "reduce the term of imprisonment" and "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). Under the applicable provision of Section 3582(c)(1)(A), however, the Court may grant this relief only if it finds that "extraordinary and compelling reasons warrant such a reduction," and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

The statute does not define what it means to be "extraordinary and compelling." The commentary to the policy statement by the Sentencing Commission applicable to Section 3582(c)(1)(A) provides some guidance; however, the Sixth Circuit has determined that the policy statement applies only to motions filed by the BOP and does not apply when a defendant moves for compassionate release on his own behalf. *United States v. Jones*, 980 F.3d 1098, 1108-11 (6th Cir. 2020). In such cases, district courts are no longer constrained by the reasons enumerated in §1B1.13's application note. *See id.*; *United States v. Elias*, 984 F.3d 516 (6th Cir. 2021); *see also United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). Thus, courts need not rely on the application note as binding in its analysis; instead, a court may exercise its "full discretion" to determine whether the defendant has

demonstrated extraordinary and compelling reasons for compassionate release, *Jones*, 980 F.3d at 1111, and, if so, whether the section 3553(a) factors weigh in favor of release.

Here, while Chandler has not presented any evidence that his present circumstances are different than any other defendant incarcerated during the COVID-19 pandemic, for purposes of this motion, the Court will assume that Chandler's health conditions in a prison setting present extraordinary and compelling circumstances that would warrant a sentence reduction. Nevertheless, the Court must still consider whether "the factors set forth in section 3553(a) to the extent that they are applicable" support the requested sentence reduction. 18 U.S.C. § 3582(c)(1)(A); *Jones*, 980 F.3d at 1107-1108. These factors include:

    (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

    (2) the need for the sentence imposed--
        (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
        (B) to afford adequate deterrence to criminal conduct;
        (C) to protect the public from further crimes of the defendant; and
        (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; [and]

    (3) the kinds of sentences available;

18 U.SC. § 3553(a)(1)-(3).

The § 3553(a) factors also include, the "kinds of sentence and the sentencing range" established in the guidelines; "any pertinent policy statement" issued by the Sentencing Commission; "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and "the need to provide restitution to any victims of the offense. § 3553(a)(4)-(7).

The Court considered these factors extensively at Chandler's sentencing hearing (*see* DE 31) and has reconsidered them for purposes of this motion. Chandler committed seven

armed bank robberies in Kentucky: one in Shelbyville; one in Lexington; and five in Louisville. In each bank robbery, Chandler wore a ski mask and brandished a firearm. (DE 20 at 2-3). In exchange for his guilty plea to Counts 1-3 in this District, the Western District of Kentucky agreed not to prosecute Chandler for the five armed bank robberies that he committed in Louisville. (DE 43 at 3).

Based upon the record before it, the Court cannot find that Chandler would not pose a danger to the safety of the community if he were to be released. Chandler must continue focusing on his journey to rehabilitation in order to ensure that he will lead a quality life upon his release. Therefore, in consideration of the § 3553(a) factors, the need for Chandler's prison term to deter future criminal conduct, promote respect for the law, and provide just punishment, release is simply not appropriate.

Finally, for the reasons stated in the Court's January 11, 2021 Opinion and Order (DE 37 at 5), Chandler's request for appointment of counsel must again be denied. Chandler's motion does not raise any novel or complex issues that will require outside assistance of counsel.

Accordingly, for the reasons stated at the time of his sentencing, in the Court's previous Opinion denying his first motion for compassionate release, and in this Opinion, it is not appropriate to order Chandler's release at this time. The Court HEREBY ORDERS that Defendant Kenneth W. Chandler's motion for compassionate release (DE 39) is DENIED.

Dated April 09, 2021



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY